USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/03/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
SPV-LS, LLS,        :
        :
        Plaintiff,        :    16-MC-197 (PART ONE)
        :
      -v-        :    MEMORANDUM OPINION
        :        AND ORDER
JACOB HERBST,        :
        :
        Defendant.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On May 20, 2016, Plaintiff filed a motion to compel Defendant's compliance with two Rule 45 subpoenas issued in this District. (*See* Docket No. 1). The subpoenas relate to a case pending in the District of South Dakota, *SPV-LS, LLC v. Transamerica Life Insurance Co.*, No. 14-CV-4092 (D.S.D.), familiarity with which is presumed. Plaintiff seeks an order compelling Defendant to: (1) continue his deposition under the supervision of a United States Magistrate Judge, who could rule on any Fifth Amendment assertions; (2) produce handwriting exemplars; and (3) comply with a subpoena for the production of documents. (*See* Mem. Law Supp. Pl. SPV-LS, LLC's Mot. To Compel (Docket No. 2) ("Pl.'s Mem.")). For the following reasons, the motion is GRANTED in part and DENIED in part.

      As an initial matter, Defendant does not oppose the request to continue the deposition under the supervision of the assigned Magistrate Judge. (*See* Mem. Law Opp'n SPV's Mot. To Compel (Docket No. 12) ("Def.'s Opp'n") 7). Defendant does contend, however, that the deposition should be allowed to continue for only approximately half an hour — the time remaining given the standard seven hours provided by Rule 30(d)(1) of the Federal Rules of

Civil Procedure.  (*See id.*).  By the Court's calculation, however, the deposition to date has lasted only five hours and nine minutes, not six hours and thirty-five minutes; the difference in calculation can presumably be attributed to Defendant's failure to subtract time off the record.  In any event, the parties have not briefed the issue, let alone asked the Court to decide it; accordingly, the Court will leave it to the supervising Magistrate Judge to determine whether extending the deposition is warranted under all the circumstances.

      Defendant also contends that his assertion of the Fifth Amendment privilege against self-incrimination at the deposition has been proper.  (*See* Def.'s Opp'n 7-8).  Once again, the Court has not been called upon to decide this issue, and leaves it to the Magistrate Judge to decide in the context of individual deposition questions.  It bears noting that, while a party may refuse to answer a deposition question on account of the privilege against self-incrimination in "instances where the witness has a reasonable cause to apprehend danger from a direct answer," *Hoffman v. United States*, 341 U.S. 479, 486 (1951), the witness must have "reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution," *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003).  That is, "[t]he danger of self-incrimination must be real, not remote or speculative." *Estate of Fisher v. Comm'r of IRS*, 905 F.2d 645, 649 (2d Cir. 1990) (citing *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972)).  The Magistrate Judge is therefore entitled to scrutinize deposition questions and Defendant's proffered explanations for assertion of his privilege as part of "a particularized inquiry to determine whether the [F]ifth [A]mendment assertion was founded on a reasonable fear of prosecution as to each of the posed questions." *United States v. Bowe*, 698 F. 2d 560, 566 (2d Cir. 1983) (internal quotation marks and alterations omitted).  Questions that have no connection to a reasonable fear of prosecution —

for example, "innocuous questions" such as (presumably) whether Defendant owns or rents his home — must be answered. *OSRecovery*, 262 F. Supp. 2d at 307.

Defendant does object to producing handwriting exemplars on Fifth Amendment grounds. (*See* Def.'s Opp'n 2-4). His objections are largely frivolous. It is well established that compelling a person to provide a handwriting sample is not a violation of that person's Fifth Amendment rights. *See, e.g.*, *Gilbert v. California*, 388 U.S. 263, 266-67 (1967); *United States v. Doe*, 457 F.2d 895, 896-97 (2d Cir. 1972). And Defendant's contentions that a sample can be taken only with a specific subpoena or under the supervision of an expert border on frivolous. (*See* Def.'s Opp'n 2-4). *See, e.g.*, *Doe*, 457 F.2d at 896 (describing facts where a witness was asked for handwriting samples during grand jury testimony, with no expert present); *Beare v. Millington*, No. 07-CV-3391 (ERK) (MDG), 2010 WL 234771, at *1-2 (E.D.N.Y. Jan. 13, 2010) (ordering the production of handwriting samples from a witness who refused to provide them at her deposition, where no expert was mentioned). The cases upon which Defendant relies involved procedures that were tailored to the particular facts and circumstances; they were not constitutionally mandated. *See Harris v. Athol-Rovalston Reg'l Sch. Dist. Comm*, 200 F.R.D. 18, 20-21 (D. Mass. 2001); *Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 383 (N.D. Ill. 1999). There is some authority, however, suggesting that taking a handwriting sample via dictation can violate the Fifth Amendment, because it may provide testimonial, as opposed to merely physical, information. *See United States v. Matos*, 990 F. Supp. 141, 143-44 (E.D.N.Y. 1998); *United States v. Wade*, No. 95-CR-0385 (RWS), 1995 WL 464908, at *1-2 (S.D.N.Y. Aug. 4, 1995). Out of an abundance of caution, therefore, the Court directs Plaintiff's counsel to provide a written sample of text to be copied, rather than reading the text aloud.

Finally, with respect to the subpoena for the production of documents, the parties again dispute whether Defendant's Fifth Amendment invocation is proper. Plaintiff argues that Defendant waived any Fifth Amendment objection by entirely failing to respond to the subpoena, and, in the alternative, that the Fifth Amendment privilege does not apply to the documents, which are being sought from Herbst as a corporate custodian of the Trust. (*See* Pl.'s Mem. 4-8). *See Braswell v. United States*, 487 U.S. 99, 100 (1988) (holding that a custodian of corporate records cannot "resist a subpoena for such records on the ground that the act of production would incriminate him in violation of the Fifth Amendment"). Defendant, on the other hand, contends that because there is no evidence that he is *currently* affiliated with the Trust, he no longer serves as a corporate custodian of the documents and, accordingly, the Fifth Amendment privilege protects him from having to produce them. (*See* Def.'s Opp'n 4-6).

The Court finds that Defendant has the better argument here. First, while Defendant egregiously ignored his discovery obligations by failing to object or otherwise respond to the subpoena, the Second Circuit has held that the Fifth Amendment privilege is not necessarily waived by failure to object to a subpoena in a timely fashion. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81-82 (2d Cir. 1998). This is particularly the case when the waiver would come from inaction, not action. *See id.* at 81; *see also, e.g.*, *Emspak v. United States*, 349 U.S. 190, 196 (1955) (noting that the waiver of Fifth Amendment rights "is not lightly to be inferred" (internal quotation marks omitted)). There is no allegation here that Defendant has taken any affirmative step to waive his Fifth Amendment privilege; nor is there any suggestion or evidence of gamesmanship or prejudice to Plaintiff. *See DG Acquisition Corp.*, 151 F.3d at 83 (noting that the finding of a Fifth Amendment waiver depends in part on a showing of prejudice to the other party). Without more, the Court declines to find the waiver of a constitutional right.

Second, the Second Circuit has held that the *Braswell* rule for corporate custodians does not apply to former employees and, as a result, a former custodian may refuse to produce corporate records on Fifth Amendment grounds. *See In re Three Grand Jury Subpoenas Duces Tecum Dated January 29, 1999*, 191 F.3d 173, 181 (2d Cir. 1999) (holding that "[w]hen [a former employee] produces [corporate] records in his possession he cannot be acting in anything other than his personal capacity"). Defendant accurately notes that there was no evidence put forward that he is currently affiliated with the Trust, and because his past relationship with the Trust is a central issue in this protracted litigation, his production of Trust documents may very well be "testimonial" for purposes of the Fifth Amendment, triggering the related act of production privilege. *See, e.g.*, *id.* at 178 ("[A]n individual may claim an act of production privilege to decline to produce documents, the contents of which are not privileged, where the act of production is, itself, (1) compelled, (2) testimonial, and (3) incriminating."); *SEC v. Forster*, — F. Supp. 3d —, 2015 WL 7960386, at *5 (S.D.N.Y. Dec. 5, 2015) (holding that compliance with a subpoena would violate the Fifth Amendment by requiring the defendant to state "what documents exist, are in his possession, and are authentic"). The lack of current evidence, however, does not end the issue; if Plaintiff shows that Defendant is still affiliated with the Trust and a custodian of its records, he could be compelled to produce Trust documents.[1] That determination is best left, at least in the first instance, to the Magistrate Judge who will be supervising the rest of Defendant's deposition. Should an evidentiary hearing on the question of

---

[1] Defendant contends that in any event, "Document Requests 3 and 9 are personal to Herbst" and therefore need not be produced, even if he is found to be a Trust custodian. (*See* Def.'s Opp'n 5). These requests seek communications made at least in part on behalf of the Trust, which may well need to be produced if Defendant's Fifth Amendment privilege does not apply to Trust Documents.

Defendant's current relationship to the Trust prove necessary, Plaintiff may make a separate application, either to the Magistrate Judge or the undersigned.

  The Clerk of Court is directed to assign a Magistrate Judge to this case to supervise the continuation of Jacob Herbst's deposition and to rule on any Fifth Amendment privilege assertions.[2]  The Clerk of Court is further directed to terminate Docket No. 1 and to assign this matter to the undersigned, who will keep jurisdiction over it even if no longer sitting in Part One.

  SO ORDERED.

Date: June 3, 2016
    New York, New York

                  JESSE M. FURMAN
                  United States District Judge

---

[2] Plaintiff requests that the deposition be held no later than June 15, 2016, in light of deadlines set in the underlying action.  (*See* Pl.'s Mem. 8-9).  The parties are directed to contact the chambers of the assigned Magistrate Judge promptly to schedule a deposition as soon as the Magistrate Judge's schedule will allow, but there is no guarantee that it can be scheduled by June 15th.  If need be, Plaintiff can seek an extension of the relevant deadlines in the underlying case.

6